BEGGS v. FOWLER *et al.*, *Appellants*.

**Contract for Personal Employment, Construction of**: DISMISSAL. Defendants employed plaintiff to buy hogs for them, the terms of the contract being contained in a letter to him written by a member of defendants' firm, and which stated "We accept your offer of a twelve months' engagement at $100 a month, subject to your giving us satisfaction. I may say that the hogs you have bought for us have given satisfaction;" *Held,* that defendants could not terminate the contract before the end of the year, except for inefficiency or unfaithfulness of plaintiff in the discharge of the duties of his employment.

*Appeal from Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

AFFIRMED.

*Karnes & Ess* for appellants.

When a contract for service, although for a term, is determinable by either party when they become dissatisfied, it may be ended by either at any time whether there be cause for dissatisfaction or not. Under such a contract a party is not bound to assign a cause for terminating the contract. Wood on Master and Servant, pp. 262, 263; *Provost v. Harwood*, 29 Vt. 219; *Rossiter v. Cooper*, 23 Vt. 522; *Whitcomb v. Gilman*, 35 Vt. 297; *Evans v. Bennett*, 7 Wis. 404; *Durgin v. Baker*, 32 Me. 273; *Davenny v. Shattuck*, 9 Daly (N. Y.) 66; *Spring v. Ansonia Clock Co.*, 24 Hun (N. Y.) 175. By the terms of the contract the defendant reserved the right to terminate it if plaintiff did not give satisfaction.

*Jas. F. Mister* for respondent.

Where a master improperly dismisses a servant, he is bound to make compensation for the damages sustained by the latter. 2 Addison on Cont., (Morgan's Ed.) § 895; 2 Parsons on Cont., (5 Ed.) 40, 41. It is a question for the

jury whether the employer has acted *bona fide* in the dismissal, and ought reasonably to have been satisfied with the work. *Nearns v. Hurbert*, 25 Mo. 352; *Lewis v. Atlas, etc., Ins. Co.*, 61 Mo. 534. The measure of damages is how much the plaintiff has lost by defendants' breach of the contract. Authorities last, *supra; Pond v. Wyman*, 15 Mo. 183; *Everson v. Powers*, 89 N. Y. 527. The finding of the court was clearly right and substantial justice was done. The instructions asked and given for plaintiff are justified by all the authorities. *Davis v. Brown*, 67 Mo. 313; *Bowling v. Kinz*, 55 Mo. 446; *Cameron v. Watson*, 40 Miss. 191, 209; *Etting v. Bank of United States*, 11 Wheat. (U. S.) 59; *Copeland v. Copeland*, 28 Me. 525, 543; *Branch v. Doane*, 17 Conn. 403; *Noyes v. Shepherd*, 30 Me. 173; *Brown v. Bowen*, 30 N. Y. 520; *Foster v. Railroad Co.*, 84 Ill. 164. The contract was a mutual one for a year, and could be terminated only by the expiration of that period, or by mutual agreement, or by discharge or dismissal upon legal grounds, justifying such action.

NORTON, J.—This suit was instituted to recover damages for an alleged breach of contract. The evidence shows that defendants entered into negotiations with plaintiff to employ him to buy hogs, which culminated in a contract the terms of which, so far as this case is concerned, are embraced in the following writing:

"ATCHISON, KANSAS, January 10, 1880.
" MR. A. E. BEGGS :

"*Dear Sir:* Your letter received, and we are disposed to accept your offer of a twelve months' engagement at $100 a month, subject to your giving us satisfaction. I may say that the hogs you have bought for us have given satisfaction. Your engagement to commence on Monday first. I expect to get you a pass to travel over the Kansas City & Council Bluffs road; also, some of the other roads. For the present I suppose Kansas City will be your best place, and you will have our instructions daily. If receipts

are large on Monday, we may want ten or more loads purchased.                              I am, yours truly,

GEORGE FOWLER."

The evidence shows that on receipt of this letter he went to buying hogs, and continued till the 18th of June, 1880, when he received the following communication:

"ATCHISON, KANSAS, June 18, 1880.

"A. E. BEGGS:

"*Dear Sir:* Your favor received. We shall not need your services after the 1st of July. We are, .

ANGLO–AMERICAN PACKING Co.,

By GEORGE FOWLER."

The plaintiff then offered evidence tending to show that he was a skillful buyer of hogs, was faithful in the discharge of his duty as such buyer, and that he was discharged without cause, the bill of exceptions stating that the evidence was preponderating that plaintiff was a skillful and efficient buyer. The defendants offered evidence tending to show that plaintiff did not give satisfaction as a buyer. On this state of facts the court below tried the case on the theory that under the contract defendants could not terminate the employment of plaintiff for one year, during the year, on the mere ground of dissatisfaction with him as a hog buyer, unless such dissatisfaction arose from some good and substantial reasons; that is, that plaintiff did not properly, efficiently and faithfully discharge the duties of his employment. The defendant objected to instructions given embracing the above theory, and to the refusal of the court to give instructions asked by him embracing the theory that defendants had a right to discharge plaintiff at any time upon their being dissatisfied, although there was no cause for dissatisfaction.

We are of opinion that the court tried the case upon the correct theory, and rightly construed the contract. It will be observed that immediately after the phrase in the contract "subject to your giving us satisfaction" the fol-

lowing words occur: " I may say the hogs you have bought for us have given satisfaction." We think the plaintiff was justified from the connection in which these words are found in construing the contract to mean that if he continued throughout his term, to do as he had done in the past, faithfully, skillfully and efficiently to buy hogs, that defendants would be satisfied. If they are not to be understood in this sense, they have no meaning. If the words referred to had not beem employed, the case might then have fallen within that class of cases to which we have been cited by defendants' counsel, of which the case of *Provost v. Harwood*, 29 Vt. 219, is a type; or have come under the operation of the principle laid down in Wood on Master and Servant, p. 263, where it is said : " When a contract, although for a term is determinable by either party when they become dissatisfied, it may be ended by either at any time, whether there is any cause for dissatisfaction or not. Under such a contract a party is not bound to give a cause for terminating the contract."

Judgment affirmed, in which all concur.